UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASWAD CHARLES,

        Petitioner,

v.

CHARLES E. WARREN, et al.,

        Respondents.

Civil No. 12-2346 (JLL)

OPINION

**APPEARANCES:**

**ASWAD CHARLES**, Petitioner *pro se*
#503840/226593-
Cell # 22
New Jersey State Prison
South Compound 3EE
P.O. Box 861
Trenton, New Jersey 08625-0861

**SARA BETH LIEBMAN**, Counsel for Respondents
Union County Prosecutor's Office
32 Rahway Avenue
Elizabeth, New Jersey 07202

**LINARES**, District Judge:

Petitioner Aswad Charles ("Petitioner"), a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Charles E. Warren and the Attorney General of New Jersey. For the reasons stated herein, the petition will be denied.

**I. BACKGROUND**

This Court, affording the state court's factual determinations the appropriate deference, *see*

28 U.S.C. § 2254(e)(1)[1], will simply reproduce the recitation of facts as set forth by Superior Court of New Jersey, Appellate Division on direct appeal:

> The victim was Eddie Fernandez, who was defendant's best friend at one time. Eddie lived with his mother, Monserrate Gonzalez in Mrvalag Manor, where defendant had also previously resided. On October 31, 2002, defendant and Eddie were both at a birthday party at Mrvalag Manor. An argument ensued between the two men and eventually, after the intervention of Monserrate and others, defendant left. However, while walking to his car, defendant yelled, "I'm gonna shoot your ass."
>
> On November 5, 2002, Eddie left his mother's home between 6:00 and 6:40 p.m. to go to a store. At about 7:00 p.m., a witness heard a bang, and Eddie was seen "wobbling and moaning," with a bloody hole in his jacket. An ambulance was summoned, and police officers arrived. Eddie was still alive, but did not say anything before he expired at 7:52 p.m. from a shotgun blast to his chest.
>
> The following day, defendant asked a friend to lie about his whereabouts on the day of the shooting. Responding to questioning by the police after being arrested on November 8, defendant claimed to have been with others all day on November 5, and only to have learned of Eddie's death on the afternoon of November 6 when he was told by his uncle that he (defendant) was being accused of the murder. On November 12, defendant agreed to take a polygraph examination administered by the police, at the conclusion of which he was told he had failed. He then agreed to give another statement to the police in which he admitted to being the driver of the car involved in the shooting but claimed that Luther (Lex) Lilliewood had shot Eddie.

*State v. Charles*, 2007 WL 209085, at *1 (N.J. Super. Ct. App. Div. Jan. 29, 2007).

After a jury trial, Petitioner was convicted of murder, N.J.S.A. 2C:11-3 (count one); conspiracy to commit murder, N.J.S.A. 2C:5-2 and 2C:11-3 (count two); unlawful possession of a weapon, N.J.S.A. 2C:39-5c(2) (count three); and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4a (count four). *Id.* Following his conviction, Petitioner pled guilty to one count of a separate indictment charging possession of a controlled dangerous substance with intent to

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

distribute, N.J.S.A. 2C:35-5(a)(1) and 2C:35-5(b)(3). *Id.* On October 5, 2004, after merging count two and count four into count one, the state court imposed a sentence of forty-five years in prison with an 85% parole disqualifier on count one, and a concurrent five-year term on count three. *Id.* A concurrent four-year term was imposed on the drug offense. *Id.* On appeal, the Appellate Division affirmed the convictions and sentence. *Id.* The New Jersey Supreme Court denied certification. *State v. Charles*, 921 A.2d 446 (N.J. 2007).

Petitioner thereafter filed a petition for post-conviction relief ("PCR"), which the Superior Court granted, vacating Petitioner's conviction for first-degree murder, conspiracy to commit murder, unlawful possession of a weapon, and possession of a weapon for an unlawful purpose. *State v. Charles*, 2011 WL 3425596 (N.J. Super. Ct. App. Div. Aug. 8, 2011). The State appealed and the Appellate Division reversed, reinstating Petitioner's convictions and sentence. *Id.* The New Jersey Supreme Court denied Petitioner's motion for leave to appeal. *State v. Charles*, A-001039-10 (N.J. Nov. 4, 2011).

The instant petition followed. Petitioner raises three grounds for relief:

1. The trial court, post conviction relief court, and appellate court all erred in not suppressing Defendant's November 12, 2002 post polygraph statement therefore violating Defendant's rights to a fair trial and due process of law pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and was [sic] contrary to clearly established federal law.

2. The Appellate Court's reversal of the PCR court's proper grant of Defendant's petition for post-conviction relief on the grounds of retroactivity based on the New Jersey Supreme Court decision in *State v. A.O.*, 198 N.J. 69 (2009), violated Defendant's rights to a fair trial and due process of law pursuant to the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and was contrary to clearly established federal law.

3. Defendant's appellate attorney was ineffective for failing to argue on appeal the uncounseled and stipulated polygraph, thereby violating Defendant's rights [under] clearly established federal law.

(Pet., ECF No. 1.)

Respondents filed an answer, arguing that the petition must be denied because the claims are procedurally defaulted and/or without merit. (ECF No. 11.) Petitioner did not file a reply.

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254 provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> ...
>
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding....

28 U.S.C. § 2254.

"As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011). Section 2254(a) permits a court to entertain only claims alleging that a person is in state custody "in violation of the Constitution or laws or treaties of the United States." *Id.* A federal court's authority to grant habeas relief is further limited when a

state court has adjudicated petitioner's federal claim on the merits.[2] *See* 28 U.S.C. § 2254(d). If a claim has been adjudicated on the merits in state court proceedings, this Court "has no authority to issue the writ of habeas corpus unless the [state court's] decision 'was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Parker v. Matthews*, 132 S. Ct. 2148, 2151 (2012) (quoting 28 U.S.C. § 2254(d)). However, when "the state court has not reached the merits of a claim thereafter presented to a federal habeas court, the deferential standards provided by AEDPA ... do not apply." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Appel v. Horn*, 250 F.3d 203, 210 (3d Cir. 2001)).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court. *See Yarborough v. Alvarado*, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). A court must look for "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). "[C]ircuit precedent does not constitute 'clearly established Federal law, as

---

[2] "[A] claim has been 'adjudicated on the merits in State court proceedings' when a state court has made a decision that finally resolves the claim based on its substance, not on a procedural, or other, ground." *Lewis v. Horn*, 581 F.3d 92, 100 (3d Cir. 2009) (quoting *Thomas v. Horn*, 570 F.3d 105, 117 (3d Cir. 2009)). "Section 2254(d) applies even where there has been a summary denial." *Cullen*, 131 S.Ct. at 1402. "In these circumstances, [petitioner] can satisfy the 'unreasonable application' prong of § 2254(d)(1) only by showing that 'there was no reasonable basis' for the [state court's] decision." *Id.* (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)). *See also Johnson v. Williams*, 133 S.Ct. 1088, 185 L.Ed.2d 105 (2013) ("[w]hen a state court rejects a federal claim without expressly addressing that claim, a federal habeas court must presume that the federal claim was adjudicated on the merits—but that presumption can in some limited circumstances be rebutted").

5

determined by the Supreme Court,' [and] therefore cannot form the basis for habeas relief under AEDPA." *Parker*, 132 S.Ct. at 2155 (quoting 28 U.S.C. § 2254(d)(1)).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court applies a rule that "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result.]" *Williams*, 529 U.S. at 405–06. Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. However, under § 2254(d)(1), "an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington v. Richter*, 131 S. Ct. 770, 785 (2011) (quoting *Williams* at 410). As the Supreme Court explains,

> A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision.... Evaluating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations. It is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by [the Supreme] Court.

*Harrington*, 131 S. Ct. at 786 (citations and internal quotation marks omitted).

"This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen*, 131 S. Ct. at 1398 (citations and internal quotation marks omitted). The petitioner carries the burden of proof, and review under § 2254(d) is limited to the record that was before the state court that adjudicated the claim on the merits. *Id.*

## B. Analysis

### 1. Retroactivity of *State v. A.O.*, 198 N.J. 69 (2009) (Ground Two)

In his second ground for relief, Petitioner argues that it was a violation of his due process rights when the Appellate Division determined that the New Jersey Supreme Court decision, *State v. A.O.*, does not apply retroactively.[3]

The Third Circuit addressed a virtually identical argument when evaluating a habeas petition in *Warren v. Kyler*, 422 F.3d 132 (3d Cir. 2005). There, the petitioner challenged the decision of the Pennsylvania Superior Court not to retroactively apply a holding of the Pennsylvania Supreme Court in a post-conviction relief proceeding. After finding that the issue of retroactivity in habeas review "is not one of the sort governed by the Supreme Court's standard articulated in *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989)," the Third Circuit stated the following:

> As for the question that we could properly address on habeas review-whether the United States Constitution required the state to apply its decision on a question of state law retroactively-we said this in *Fiore*, 149 F.3d at 224-25 (some citations omitted):
>
>> The district court held, and *Fiore* maintains on appeal, that the Due Process and Equal Protection Clauses of the Fourteenth Amendment require retroactive application of *Scarpone*. This conclusion, however, is at odds with the Supreme Court's longstanding position that "the federal constitution has no voice upon the subject" of retroactivity. *Great Northern Ry. Co. v. Sunburst Oil & Refining Co.*, 287 U.S. 358, 364, 53 S.Ct. 145, 77 L.Ed. 360 (1932). While the Court has concluded that some federal criminal decisions should apply retroactively, it has made clear that state courts are under no constitutional obligation to apply their own criminal decisions retroactively. Thus, just as the Supreme Court has fashioned retroactivity rules for the federal courts based on principles of judicial integrity, fairness, and finality, *see Teague v. Lane*, the state

---

[3] In *A.O.*, the New Jersey Supreme Court barred the introduction of polygraph evidence based on stipulations entered into without counsel. Because Petitioner relies heavily on the *A.O.* decision, the Court addresses Ground Two of his petition, where it is most centrally raised, first.

7

> courts are free to adopt their own retroactivity rules after independent consideration of these and other relevant principles.

*Id.* at 136. The court went on to find that the Supreme Court's "*Estelle v. McGuire* principle requires that we heed the state court's application of its own retroactivity principles." *Id.* at 137.

Pursuant to *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) "[f]ederal habeas corpus relief does not lie for errors of state law." The Appellate Division examined the principles of retroactivity in New Jersey and determined that the decision regarding the admission of polygraph results would not be applied retroactively to Petitioner on collateral review. As with the Petitioner in *Warren*, Petitioner here has not established that the Appellate Division's refusal to retroactively apply *State v. A.O.* in a collateral proceeding violated his federal constitutional rights. Relief will be denied on this ground.

## 2. Ineffective Assistance of Counsel (Grounds Three and Four)[4]

Petitioner argues that his trial counsel was ineffective for failing to object to the admissibility of the polygraph results based on an uncounseled stipulation that Petitioner signed and for failing to obtain an independent expert to challenge the polygraph results. Petitioner further argues that appellate counsel was ineffective for also failing to raise these issues.

The Appellate Division reviewed Petitioner's claims on PCR and found them to be without merit. Applying the *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984) test, the Appellate Division reasoned that trial counsel was not ineffective:

> In his decision, the PCR judge noted that trial counsel had raised *Reyes* at trial and had urged that it was time for that decision to be reviewed. For that reason, there was no question that trial counsel was aware of controlling law. The judge then

---

[4] In his petition, Petitioner raises only ineffective assistance of appellate counsel (Ground Three). In his brief in support of his petition (ECF No. 3), he alleges that trial counsel was ineffective (Ground Three), as well as appellate counsel (Ground Four).

8

held: "It cannot be found that an attorney is ineffective for following the rule of law in place at the time the matter is in issue. Petitioner has failed to meet the first prong of the *Fritz/Strickland* test." We concur with the judge's opinion in this regard.

State v. Charles, 2011 WL 3425596, at *8 (N.J. Super. Ct. App. Div. Aug. 8, 2011). The Appellate Division, further, concluded that appellate counsel was not ineffective. In so doing, the Appellate Division relied, in part, on state law:

> With respect to appellate counsel, defendant contended that he had explicitly requested that counsel address the validity of his uncounseled stipulation on appeal and that counsel had refused. An evidentiary hearing was held on that issue, at which appellate counsel and defendant testified. At its conclusion, the judge found defendant's claim not to be credible, particularly since upon counsel's alleged refusal to address the issue, defendant failed to raise it in his pro se brief. In contrast, the judge found appellate counsel to have been credible in asserting that he did not raise the issue because at the time it had no legal support.
>
> We are bound by the judge's factual findings, which we determine are supported by credible evidence in the record. *State v. Locurto*, 157 N.J. 463, 470–71 (1999). Further, we concur with the judge's conclusion that appellate counsel could not be deemed ineffective in following existing law.

State v. Charles, 2011 WL 3425596, at *8-9 (N.J. Super. Ct. App. Div. Aug. 8, 2011).

The Sixth Amendment, applicable to states through the Due Process Clause of the Fourteenth Amendment, guarantees the accused the "right ... to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. The right to counsel is the right to the effective assistance of counsel, and counsel can deprive a defendant of the right by failing to render adequate legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984).

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied. *See Strickland*, 466 U.S. at 687. First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "[C]ounsel should be 'strongly presumed to have rendered

adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011) (citing *Strickland*, 466 U.S. at 690, 104 S. Ct. 2052). "To overcome that presumption, a defendant must show that counsel failed to act 'reasonabl[y] considering all the circumstances.'" *Id.* (citing *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052). Further, a "convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance. *Id.*

Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. "It is not enough 'to show that the errors had some conceivable effect on the outcome of the proceeding'...Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Harrington v. Richter*, 131 S.Ct. 770, 787-88 (2011)(citing *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052). As the Supreme Court explained,

> In making this determination, a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Some of the factual findings will have been unaffected by the errors, and factual findings that were affected will have been affected in different ways. Some errors will have had a pervasive effect on the inferences to be drawn from the evidence, altering the entire evidentiary picture, and some will have had an isolated, trivial effect. Moreover, a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support. Taking the unaffected findings as a given, and taking due account of the effect of the errors on the remaining findings, a court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors.

*Strickland*, 466 U.S. at 695-96.

The Supreme Court instructs that a court need not address both components of an ineffective assistance claim "if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*

The *Strickland* test for effective assistance of counsel also applies to the performance of appellate counsel. *See Lewis v. Johnson*, 359 F.3d 646, 656 (3d Cir. 2004). According to *Smith v. Robbins*, 528 U.S. 259 (2000), when the issue is appellate counsel's failure to raise specific issues, a petitioner satisfies the first *Strickland* prong by showing that appellate counsel was "objectively unreasonable [i.e.,] that counsel unreasonably failed to discover [arguably] nonfrivolous issues and to file a merits brief raising them." 528 U.S. at 285. An arguably nonfrivolous issue is "one that counsel can argue in good faith with some potential for prevailing." *Id.*

Having carefully reviewed the record, and considering the claims asserted by Petitioner herein, this Court does not find that trial or appellate counsel was deficient in failing to challenge the admission of the polygraph examination into evidence or to obtain an expert to challenge said results. As stated many times by the PCR court and Appellate Division, counsel cannot be found to be ineffective for following governing law in place at the time the matter is in issue – the New Jersey Supreme Court's decision in *A.O.* had not yet been issued and counsel was free to make the strategic choice not to pursue an argument barred by settled law in the state. *Gomez-Alamanza v. U.S.*, Civil Action No. 11-7114, 2013 WL 1951939, at *10 ("The decision to exclude Claim 5 from Petitioner's direct appeal may well have been part of an objectively reasonable appellate strategy to focus on the appeals claims most likely to succeed"); *cf. Geng Mei Weng v. Attorney Gen. of U.S.*,

11

--- F. App'x ----, 2013 WL 2478638 (3d Cir. 2013) ("An attorney does not violate professional norms by refusing to pursue a claim that will not prevail, nor does he tender ineffective assistance by choosing the path most likely to succeed") (citing *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000). Therefore, this Court finds that Petitioner fails to demonstrate deficient performance by counsel on any asserted claims that would have had any effect on undermining the verdict.

Further, this Court concludes that the determination of the state PCR court and appellate court in finding that Petitioner failed to demonstrate his ineffectiveness of counsel claim, resulted in a decision that was neither contrary to, nor involved an unreasonable application of, clearly established federal law under *Strickland*. Nor did either court's ruling result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the PCR court proceeding. *See Williams*, 529 U.S. at 413. Accordingly, the Court will deny federal habeas relief on the ineffective assistance of counsel claims.

### 3. Post-Polygraph Statement (Ground One)

In his first ground for relief, Petitioner argues that it was an error for the trial court, appellate court and PCR court to fail to exclude the uncounseled-statement he gave to police after his polygraph test on November 12, 2002.

Petitioner raised this argument in his cross-appeal of the PCR court's order. The Appellate Division declined to address this argument because the voluntariness of Petitioner's confession was addressed by the trial court at a *Miranda* hearing prior to trial. *State v. Charles*, 2011 WL 3425596, at * 7 (N.J. Super. Ct. App. Div. Aug. 08, 2011). The court held that if Petitioner wished to challenge that ruling, it should have been done on direct appeal. *Id.* Since it was not raised then, the court found that the argument was now barred. *Id.*

The Supreme Court recently discussed the issue of procedural default in *Martinez v. Ryan*.

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law.

132 S. Ct. 1309, 1316 (2012) (citations omitted). *See also Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.")

In this case, it is clear that the argument regarding the voluntariness of Petitioner's statement to the police was barred on an independent and adequate state law ground by the Appellate Division in its review of the PCR decision. *See Cabrera v. Barbo*, 175 F.3d 307, 313 (3d Cir. 1999). Petitioner states in his petition that "the reason that the argument was not heard was because defense counsel, relying on *Reyes* believed it was impermissible to present such an argument and challenge [the police's polygraph] results. This issue was not raised by the Appellate Counsel for the same reason." (Pet. 9.) However, this argument applies to the question of the admissibility of the polygraph results, not the post-polygraph statement. In fact,

the issue of the admissibility of the statement was addressed at a pre-trial hearing. Petitioner has failed to show cause or prejudice for his procedural default of his claim regarding the admissibility of the post-polygraph statement, despite Respondents having raised said argument in their answer. As such, this Court finds that federal habeas review is therefore barred.[5]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, no certificate of appealability shall issue.

## IV. CONCLUSION

---

[5] Moreover, even if not barred, this ground would fail on the merits as it is clear that Petitioner was *Mirandized* multiple times while in custody, including just prior to giving his post-polygraph statement, and there is no indication that the statement was involuntary or coerced. (Resp'ts' Br., Ex. 31, PCR Decision Tr. 42:16-18.)

For the above reasons, the § 2254 habeas petition is denied, and a certificate of appealability will not issue. An appropriate Order follows.

DATED:

_____
JOSE L. LINARES
United States District Judge